**Richard B. McFARLAND, Appellant,**

v.

**Sean P. O'GORMAN, Respondent.**

**No. 59707.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 3, 1991.

Brian A. Spector, Clyde E. Craig, St. Louis, for appellant.

Andrew Dennis Sandroni, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, the alleged guarantor of a contract entered into by his son, alleges error by the trial court for dismissing his claim against respondent for lack of standing. We affirm.

On April 14, 1988, appellant Richard B. McFarland consulted with respondent Sean P. O'Gorman regarding legal representation for appellant's 26 year old son, Richard V. McFarland, in a pending criminal matter. As a result of these discussions, respondent agreed to represent appellant's son.

On or about August 13, 1988, appellant's son received a letter from respondent concerning the proposed representation. The letter contained all the terms of the proposed agreement: handling of costs and charges, payment of fees, retainers, etc. Below these terms, the following appears:

I have read the foregoing retainer agreement and hereby accept and agree to the terms thereof.

The signature of appellant's son appears directly beneath the above-quoted language. Below the younger McFarland's signature, the following writing appears:

I hereby agree to the terms of the agreement and am hereby signing as guarantor.

Appellant's signature follows. Appellant delivered a check to respondent on that same date, covering respondent's $10,-000.00 retainer.

Although there is no record of any complaints by his son, appellant evidently became dissatisfied with the representation. On July 17, 1990, appellant filed suit alleging breach of contract, tortious breach of contract, breach of fiduciary duty and conversion. Respondent answered claiming that appellant lacked standing and filed a motion to dismiss. The motion to dismiss was granted by the trial court on January 29, 1991. This appeal followed.

Appellant argues on appeal that he did not sign as a guarantor, but as a party to the contract. Appellant further claims that he misunderstood the meaning of the word "guarantor" and, therefore, the meaning of the word should not be used to describe his status regarding the contract. We disagree. If a written contract is unambiguous, one of the parties should not be permitted to avoid his obligations under it on the grounds that the obligations under the contract are not those that were intended, unless the evidence is clear and convincing. Appellant is asking the court to validate some special meaning of the word "guarantor" in the instant contract. The party asserting a special meaning of an unambiguous, commonly used term bears the burden of establishing that such a construction was intended. *Kawin v. Chrysler Corp.*, 636 S.W.2d 40, 43 (Mo. banc 1982). Appellant merely states that he misunderstood the word "guarantor," without introducing any supporting evidence or evidence of reliance whatsoever. Appellant's conclusory allegation that he is unsophisticated and misunderstood the meaning of the word "guarantor" falls far short of this standard of proof, thus we cannot find that the trial court erred by considering him a guarantor.

In order to state a cause of action on a contract, one must be a party to that contract from which the action arises. *Lick Creek Sewer Systems, Inc. v. Bank of Bourbon*, 747 S.W.2d 317, 324–25 (Mo. App., S.D.1988); *Gillomen v. Southwest Mo. Truck Ctr., Inc.*, 737 S.W.2d 499, 500–01 (Mo.App., S.D., 1987). Guarantees are separate contracts, collateral to and independent of any underlying agreement. A guarantor's liability arises primarily from the guarantee agreement itself. *Boatmen's Bank v. Community Interiors, Inc.*, 721 S.W.2d 72, 79 (Mo.App., E.D.1986). The letter setting forth the particulars of the agreement was addressed to appellant's son, who signed the contract directly beneath language indicating that he (appellant's son) is the principal.

Appellant also signed the writing, but did so as a guarantor. Therefore, he has standing to sue only on the guarantee. Appellant's remedy lies with his son, the person whose payment he guaranteed.

Appellant relies heavily on *In re Sullivan*, 494 S.W.2d 329 (Mo. banc 1973). In *Sullivan*, an attorney accepted a retainer from the father of a minor to represent the minor on several serious criminal charges. After performing little or no services regarding his client, refusing to account for charges, and failing even to notify his client that the charges were dropped, the Circuit Bar Committee filed an information alleging professional misconduct, and disbarment proceedings were instituted against the attorney.

Appellant's reliance on this case is misplaced. The "client" in *Sullivan* was a *minor,* who lacked contractual capacity. Therefore, the court quite naturally chose the father to look after his son's interests as the constructive party to the contract. Since appellant's son in the instant case was 26 years old at the time the contract was signed, there is no similar reason to search for someone old enough to have contractual capacity. We also note in passing that *Sullivan* is a disbarment case, not a contract action; that *Sullivan* presents no guarantor issue; that the father of the minor was not the plaintiff in *Sullivan;* and that the agreements in the two cases are not very similar. *Sullivan* is, therefore, wholly distinguishable.

Appellant's point is denied. The instant cause was correctly dismissed for lack of standing. The judgment of the lower court is, therefore, affirmed.

CRIST and AHRENS, JJ., concur.