Lorraine J. SPACKLER, Debtor/Plaintiff,

v.

**BOATMEN'S NATIONAL
BANK, Defendant.**

No. 91–2069C(5).

United States District Court,
E.D. Missouri, E.D.

April 22, 1993.

David G. Waltrip, Clayton, MO, for Lorraine J. Spackler.

Charles W. Portell, Jr., St. Louis, MO, for Boatmen's Nat. Bank.

### *MEMORANDUM*

LIMBAUGH, District Judge.

This matter is before the Court on the appeal of debtor/plaintiff Spackler from the order of the United States Bankruptcy Court for the Eastern District of Missouri holding debtor/plaintiff liable to the defendant bank under a guaranty agreement for amounts not to exceed $300,000.00. This Court has appellate jurisdiction of this matter pursuant to 28 U.S.C. § 158(a).

On an appeal, the United States District Court may affirm, modify, or reverse a judgment, order, or decree of a bankruptcy judge, or remand to the bankruptcy court with instructions for further proceedings. This Court must affirm the decision of a bankruptcy court if it is supported by law

and the facts contained in the record. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of a bankruptcy court to judge the credibility of the witnesses. *In Re Van Horne,* 823 F.2d 1285, 1297 (8th Cir.1987); *In Re Martin,* 761 F.2d 472, 474 (8th Cir.1985). Under Bankruptcy Rule 8013, findings of fact are clearly erroneous when they are not supported by substantial evidence, contrary to the clear preponderance of evidence, or based on an erroneous view of the law. *In Re Cook,* 72 B.R. 976 (W.D.Mo.1987). Conclusions of law, however, are subject to *de novo* review. *In Re Martin,* 761 F.2d at 464. Since the issue on appeal concerns a conclusion of law, the decision of the United States Bankruptcy Court for the Eastern District of Missouri is subject to *de novo* review by this Court.

The facts of this case are essentially undisputed and consequently, the Court adopts the Bankruptcy Court's findings of fact, contained in its Memorandum (filed October 8, 1991), as follows:

On November 13, 1981 debtor/plaintiff and her husband executed a guaranty agreement to secure a line of credit to Electro Devices, Inc. (EDI), a company operated by the husband. The guaranty agreement (hereinafter referred to as simply the Guaranty) was executed by the debtor/plaintiff and her husband in their individual capacities and not as officers or directors of EDI. The Guaranty specifically stated that the line of credit established was not to exceed $300,000.00. Contemporaneous with the execution of the Guaranty and the establishment of the line of credit, the husband separately executed a promissory note in the amount of $12,000.00 as President of EDI. This note is referenced on the Guaranty as the initial draw on the line of credit. Debtor/plaintiff did not sign this promissory note of $12,000.00.

The debtor/plaintiff's husband had the authority under the Guaranty to draw money against the line of credit to be used as working capital for EDI. He continued to draw against the line of credit until September 1983. On September 26, 1983 the husband executed another promissory note in the amount of $25,000.00. On December 1, 1983 debtor/plaintiff's husband executed a third promissory note in the amount of $25,000.00. Both $25,000.00 notes were executed by the husband in his capacity as President of EDI and neither of these notes were signed by the debtor/plaintiff.

In March of 1984, the husband, acting as President of EDI, executed a $50,000.00 note which was a consolidation of the two previously executed $25,000.00 notes. This consolidation note of $50,000.00 was not signed by the debtor/plaintiff.

In August of 1984, the defendant bank consolidated the $300,000.00 line of credit with the prior consolidated note of $50,000.00 into one note totalling $350,000.00. The new consolidated note incorporated the prior notes and the personal guaranty executed by the debtor/plaintiff and her husband. This note was executed by the husband in his corporate capacity and was not signed by the debtor/plaintiff. Neither the husband nor the defendant bank discussed with the debtor/plaintiff the proposed consolidation of the line of credit with the $50,000.00 note nor informed her of the actual execution of the $350,000.00 note.

A proceeding was instituted in the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(B) in order to determine the extent of a claim by the defendant bank against the debtor estate of Lorraine J. Spackler. The adversary complaint sought to determine the debtor/plaintiff's obligation under the Guaranty signed by debtor/plaintiff on November 13, 1981.

Debtor/plaintiff contends that the defendant bank's unilateral extension of the line of credit (by consolidating the $300,000.00 line of credit and the $50,000.00 note into one $350,000.00 note) was a material alteration to the Guaranty, thereby relieving her of all liability in connection with the original $300,000.00 line of credit guaranty. The Bankruptcy Court held that the extension of the line of credit, by mistake or otherwise, was not a material alteration of the original Guaranty relieving the debtor/plaintiff of her entire obligation to the defendant bank. The Bankruptcy Court found that the Guaranty

was operable as to loan amounts not in excess of the original $300,000.00 line of credit.

A guarantor's liability is construed strictly according to the terms of the guaranty. *Boatmen's Bank v. Community Interiors, Inc.*, 721 S.W.2d 72, 79 (Mo.App.1986); *U.S. Suzuki Motor Corp. v. Johnson*, 673 S.W.2d 105, 107 (Mo.App.1984). "A guarantor's undertaking may not be extended by implication beyond the strict letter of the obligation." *Royal Banks of Missouri v. Fridkin*, 819 S.W.2d 359, 362 (Mo.1991). A guaranty is a separate contract, collateral and independent of any other agreement, and is the primary source of the guarantor's liability. *McFarland v. O'Gorman*, 814 S.W.2d 692, 694 (Mo.App.1991); *Boatmen's Bank v. Community Interiors*, at 79.

A material alteration in or departure from the contract of guaranty without the guarantor's consent will discharge the guarantor. *Royal Banks of Missouri v. Fridkin*, at 362; *Citizens Bank of Smithville v. Lair*, 687 S.W.2d 268, 270 (Mo.App.1985). A material alteration exists if it changes the liability. *Royal Banks of Missouri v. Fridkin*, at 363 citing *Smithville*, at 270.

In *Royal Banks*, the Missouri Supreme Court applied the above-stated principles to a situation in which the limitation of the guarantee was in issue. The respondent had executed a personal guarantee which specifically limited his liability to $10,000.00. Other parties executed similar guarantees totalling (including the respondent's guarantee) $50,000.00. The guarantees were executed in connection with a promissory note of $50,000.00.[1] The respondent handled all bank transactions concerning the guarantees. *Id.*, at 360–61. For reasons unknown, the bank made an early demand on the respondent for the balance due on his guaranty. The trial court found that since a promissory note in the amount of $10,000.00 did not exist, respondent was not liable on the guaranty. *Id.*, at 361.

The Missouri Supreme Court found that the guaranty clearly and unambiguously declared the intent of the respondent to limit his liability to $10,000.00 if the promissory note was not paid off. The Court determined that respondent and the other guarantors did not want joint and several liability for the entire $50,000.00 but instead wished to limit their individual liability. The respondent accomplished this by specifically stating the amount of $10,000.00 on his guaranty. *Id.*, at 362.

In noting that the liability of a guarantor is to be strictly construed in accordance with the terms of the guaranty, the Court stated that "[t]he Bank may not attempt to extend Respondent's legal obligation to the entire $50,000.00 but may only enforce the obligation Respondent clearly assumed: to repay up to $10,000.00 of the $50,000.00 loaned to Friends of Ken Rothman." *Id.*, at 362. The Court further determined that no material alteration existed because no matter the amount of the promissory note(s), the respondent's underlying obligation to repay $10,000.00 had not changed. *Id.*, at 363.

It is clear in the present case that no ambiguity exists as to the amount of the financial obligation that debtor/plaintiff intended to guarantee, i.e. $300,000.00. Whether she signed or did not sign any of the notes is immaterial. She clearly intended to be obligated, for any loans made to EDI, up to the total amount of $300,000.00. The additional $50,000.00 note does not change her underlying liability for the maximum amount of $300,000.00. She did not agree to guarantee payment of any loans in excess of $300,000.00 and she will not be required to do so now. However, her original agreement to guarantee loans up to the amount of $300,000.00 does remain in effect.

For the foregoing reasons, the Order of the Bankruptcy Court, filed October 8, 1991, will be affirmed.

---

**1.** The promissory note of $50,000.00 was executed by Geri Rothman on behalf of the "Friends of Ken Rothman". Evidently, the note's purpose was to provide financial support for Mr. Rothman's political campaign.