**Cheryle Ann SCHEERER; John Scheerer, Appellants,**

v.

**HARDEE'S FOOD SYSTEMS, INC., Appellee.**

**No. 93–1934.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1993.

Decided Feb. 9, 1994.

Counsel who presented argument on behalf of the appellant was David T. Greis of Kansas City, Missouri. William H. Pickett of Kansas City, Missouri, appeared on the brief.

Counsel who presented argument on behalf of the appellee was Bradley S. Russell of Kansas City, Missouri. Paul Hasty, Jr. of Kansas City, Missouri, appeared on the brief.

Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Cheryle Ann Scheerer appeals from a final judgment entered in the United States District Court for the Western District of Missouri, granting summary judgment in favor of Hardee's Food Systems, Inc. (Hardee's). *Scheerer v. Hardee's Food Systems, Inc.,* No. 91–CV–1043 (W.D.Mo. Mar. 11, 1993). For reversal, Scheerer argues that the district court erred in determining that Scheerer failed to establish that a dangerous condition existed in Hardee's parking lot that caused

her to slip and fall. For the reasons discussed below, we reverse the judgment of the district court and remand the case to the district court for further proceedings.

## I. BACKGROUND

On June 28, 1989, Cheryle Ann Scheerer and her husband, John Scheerer, dined at Hardee's restaurant located near the intersection of Langsford Road and Highway 291 in Lee's Summit, Missouri. At approximately 8:00 p.m., the Scheerers left the restaurant. Mrs. Scheerer exited from the east door of the restaurant, walking in front of her husband. She slipped and fell on Hardee's parking lot at the end of a parking space, severely injuring her knee.

On October 17, 1991, Mrs. Scheerer filed suit in the Circuit Court of Jackson County, Missouri against Hardee's for personal injuries suffered as a result of the fall. On November 25, 1991, Hardee's removed the case to the United States District Court for the Western District of Missouri under diversity jurisdiction.

During deposition, Mrs. Scheerer testified that she slipped and fell in the parking lot while wearing flat shoes, approximately one year old, with leather tops and vinyl soles. A wet spot appeared on Mrs. Scheerer's slacks after she fell. Mrs. Scheerer testified that the asphalt parking lot was bumpy and uneven, and the lot sloped downward from the restaurant. She also testified that there was an accumulation of thick oil and grease deposits on the parking lot surface, and that the pavement was damp and "tacky." However, Mrs. Scheerer could not state exactly what caused her foot to slip out from underneath her.

Mr. Scheerer testified in deposition that, when he exited the restaurant, he noticed damp, moist spots on the parking lot. Mr. Scheerer also testified that when he felt the area where his wife was sitting after the fall, the area was damp. Mr. Scheerer could not identify exactly what caused his wife to slip and fall.

Clinton Bowman, a twelve-year-old child, was eating dinner with his parents at Hardee's when Mrs. Scheerer slipped and fell.

Bowman testified in deposition that, after the accident, when emergency vehicles came on the scene, he walked out of Hardee's with his parents and noticed water running downhill in the vicinity of where Mrs. Scheerer fell. The water came from a hose used by a Hardee's employee, Tony King, who had been watering flowers and shrubs and washing off the Hardee's parking lot. Bowman testified that, after Mrs. Scheerer fell, he noticed that her leg was wet.

On January 8, 1993, following pleadings and discovery, Hardee's moved for summary judgment. On March 11, 1993, the district court granted Hardee's motion for summary judgment on the grounds that there were no disputed facts and that "plaintiffs failed to show a causal link between a dangerous condition and Mrs. Scheerer's injury." Op. at 274. Mrs. Scheerer filed a timely notice of appeal.

## II. DISCUSSION

■ Mrs. Scheerer argues that the district court erred in granting Hardee's motion for summary judgment because there are genuine issue of material fact, which must be decided by a jury such as whether the combination of water, oil and grease deposits on Hardee's sloping parking lot caused her to slip and fall. We agree.

■ Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56; see *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The district court's grant of summary judgment in diversity cases such as the present case is reviewed *de novo. Spencer v. Kroger Co.,* 941 F.2d 699, 701 (8th Cir.1991). This court must view all facts and inferences drawn therefrom in the light most favorable to the non-moving party. *Id.*

■ Under Missouri law, the proprietor of a place of business can be held liable for negligence in allowing a dangerous condition to exist on the premises if it is shown that (1) the dangerous condition involved an unreasonable risk; (2) the defendant knew or should have known of the dangerous condi-

tion; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) as a result, the plaintiff sustained injury. *Luthy v. Denny's, Inc.*, 782 S.W.2d 661, 662–63 (Mo.Ct.App.1990).

Hardee's argues that the district court properly granted its motion for summary judgment because Mrs. Scheerer failed to show a causal link between any alleged dangerous condition and her fall. Hardee's contends that, although circumstantial evidence may establish the element of causation, the inference as to causation must be established "with such certainty such as to cause it to be the more probable" of the possible causes. *Landis v. Sumner Mfg. Co.*, 750 S.W.2d 466, 469 (Mo.Ct.App.1988). Hardee's argues that there are numerous explanations for Mrs. Scheerer's fall including water spots, oil and grease spots, uneven pavement, Mrs. Scheerer's slick-soled shoes, or her inattentiveness in exiting Hardee's. Hardee's contends that the record does not suggest that any one of these explanations is more probable than any other explanation, and highlights the Scheerers' deposition testimony that they did not know exactly what had made Mrs. Scheerer slip and fall. In response, Mrs. Scheerer argues that it was not one of several alternative factors which caused her to slip and fall, but rather, the fall was caused by a combination of factors: the steep slope of the parking lot coupled with the water, oil and grease covering the pavement's surface.

The issue of causation must be analyzed upon the unique facts of each case. *Metzger v. Schermesser*, 687 S.W.2d 671, 673 (Mo.Ct.App.1985) (*Metzger*). The principles gleaned from several slip and fall cases in Missouri support Mrs. Scheerer's contention that there is a genuine issue of material fact on the issue of causation requiring adjudication by a jury. In *Roberts v. Menorah Medical Center*, 777 S.W.2d 330 (Mo.Ct.App.1989) (*Roberts*), a visitor to a hospital slipped and fell on a wet floor in a hospital hallway. She testified that she did not know exactly what made her fall and did not see anything on the floor prior to her fall. Several witnesses testified that there was water on the floor where she fell. The hospital argued that there was no evidence that water on the floor

had caused the plaintiff to fall because she could not testify that the water had caused her to slip. The court found the plaintiff had made a submissible case on the issue of causation. *Id.* at 333. So too in *Douglas v. Douglas*, 255 S.W.2d 756 (Mo.1953) (*Douglas*), the plaintiff testified that she did not notice anything on the ground as she approached the place where she slipped and fell at the defendant's business premises. After she fell, she noticed what appeared to be a film on the floor and felt something sticky there. She testified that she did not know what had made her fall nor could she identify the substance she saw and felt on the floor. The court held that her evidence established a submissible case on the issue of causation, noting that her inability to precisely identify what caused her to fall did not destroy the probative value of other testimony from which a jury could reasonably find that the proximate cause of the plaintiff's fall and injuries was the presence of a substance on the floor. *Id.* at 757. *Georgescu v. K–Mart Corp.*, 813 S.W.2d 298 (Mo.1991) (banc) (*Georgescu*), involved a slip and fall accident in which a customer at one of K–Mart's stores claimed that she had fallen on food that had been spilled on the floor of an aisle in the store even though she had not actually seen the substance on which she slipped. Although no one witnessed the plaintiff's fall, there was testimony from other witnesses that there had been "a spot of debris" on the floor where the customer fell a short time before her fall. The court held that whether the plaintiff slipped and fell because of food spilled in the aisle of the store was a jury question, and that a submissible case was made on the issue of causation based upon circumstantial evidence. *Id.* at 299–300.

In the present case, Mrs. Scheerer's deposition testimony was included in the evidence presented to the trial court for its ruling on Hardee's motion for summary judgment. Regarding the parking lot, she stated that her foot slipped and flew out in front of her causing her to fall in the first parking space and shatter her right knee. She noticed that the ground was lumpy and "ripply like in little hills and valleys." She observed large amounts of grease and oil deposits in the center of the parking space, near the area

where she fell. She also recounted feeling the steep, downward slope of the parking lot as she exited the restaurant. Mrs. Scheerer also testified that she noticed damp spots on the pavement around the area where she fell, describing the feel of the pavement as "tacky," and remembered that she walked through dampness and oil before falling. The grease and oil spots appeared "thick." Mrs. Scheerer did not know exactly what caused her to fall.

Also before the district court was Mr. Scheerer's deposition testimony. He stated that, upon entering Hardee's restaurant, he did not notice any dampness or water on the parking lot. Yet, after Mrs. Scheerer fell, he noticed "damp, moist spots" and circular "dark spots" on the parking lot. Mr. Scheerer testified that he felt the pavement in and around where his wife fell and described the surface as "damp and filmy." Clinton Bowman's deposition testimony was also before the district court. Bowman stated that he noticed a man with a Hardee's uniform watering flowers and shrubbery and that the water was running in a stream downhill and it traveled underneath the car near where Mrs. Scheerer had fallen. Bowman observed that after her fall, Mrs. Scheerer's leg was wet.

■ Construing the depositions most strongly in favor of Mrs. Scheerer, as we are directed to apply Fed.R.Civ.P. 56, there are genuine issues to be resolved by a factfinder as to whether or not there was a slippery, dangerous, and hazardous condition created by Hardee's, and whether or not that dangerous condition caused Mrs. Scheerer to slip and fall. The question of proximate cause is properly a question of fact for the trier of facts where competing inferences may be drawn from underlying evidence. *Metzger, Roberts, Douglas,* and *Georgescu* instruct us that this determination can be made without direct testimony from Mrs. Scheerer or eyewitnesses describing precisely what caused Mrs. Scheerer to fall. A submissible case can be made in the present action based upon circumstantial evidence that the parking lot had a downward, sloping grade; Mrs. Scheerer walked through an accumulation of oil and grease deposits while negotiating the parking lot to get to her car; oil and grease deposits were observed in and around the area where she fell; the ground where she fell was damp, moist and filmy; her leg was wet after the fall; and water from an employee's watering hose was traveling in a stream in the immediate vicinity of her fall. Evidence gleaned from deposition testimony is such that a reasonable inference could be made by a jury that the condition of water, oil and grease on the sloping parking lot caused Mrs. Scheerer to slip and fall.

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court for further proceedings.