Jane Sarah **GROSSMAN**, Appellant,

v.

**DILLARD DEPARTMENT STORES, INC., Appellee.**

No. 94–2613.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1994.

Decided Feb. 15, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 27, 1995.*

* Morris Sheppard Arnold, Circuit Judge, took no part in the consideration or decision of this case.

Gretchen Myers, St. Louis, MO, argued, for appellant.

Andrew Mayfield, St. Louis, MO, argued (Frank Gundlach and Daniel Nelson, on the brief), for appellee.

Before MAGILL and BEAM, Circuit Judges and SHANAHAN, District Judge.**

BEAM, Circuit Judge.

Jane Sarah Grossman appeals the district court's grant of summary judgment in favor of Dillard Department Stores, Inc. ("Dillard's") in this negligence action. We reverse.

** The HONORABLE THOMAS SHANAHAN, United States District Judge for the District of Ne-

## I. BACKGROUND

In her complaint, Grossman alleges that she tripped on a rolling clothing rack at a Dillard's Store, fell, and broke her hip. Dillard's moved for summary judgment, asserting that Grossman could not prove with certainty that a rolling clothing rack had caused her fall. In support of its motion, Dillard's submitted the deposition testimony of Jane Grossman and various witnesses to the incident.

In her deposition, Grossman testified that she was shopping for lingerie at a Dillard's store when the incident occurred. Jane Grossman deposition, Appendix at 128. She testified that she felt her heel connect with the bottom rung of a clothing rack immediately before she fell. *Id.* at 147, 172. She remembered falling through a rack and remembered racks falling around her as she fell. *Id.* at 147, 160–61. She believed that the rack her heel had struck was one of the racks that fell on her. *Id.* at 161. She also testified that after she fell, her foot came to rest on a rack. *Id.* at 178. She could not state positively what had caused her to fall. *Id.* at 163.

The salesclerk waiting on Grossman testified that Grossman was unsteady on her feet before the fall. Joan Kramer deposition, Appendix at 259. She testified that she did not see what caused the fall, but that there was a rolling rack half full of clothes near the counter at the time of the fall. *Id.* at 274–75. The rolling rack was between two stationary racks and occupied the entire aisle space between the two stationary racks. *Id.* Grossman was found lying between the two stationary racks after she fell. *Id.* at 304. After the fall, the salesclerk moved the rolling rack to the main aisle. *Id.* at 311–12.

The Dillard's security officer who investigated the scene testified that he concluded, based upon his investigation, that Grossman

braska, sitting by designation.

had fallen over a clothing rack. Officer Terry Good deposition, Appendix at 194–95. Grossman's sister, Anita Grossman, who was with her sister at the time of the incident, testified that "there were racks all over the place," but she could not state what had caused her sister to fall. Deposition of Anita Grossman, Appendix at 327, 322.

Based on its review of the deposition testimony, the district court found that "[p]laintiff is unable to provide any factual support that a rack, especially a rolling rack, caused her to fall" and concluded that her testimony was "pure speculation based upon the one undisputed fact that there were racks in the general vicinity." *Grossman v. Dillard Dep't Stores, Inc.*, No. 4:93CV895SNL, Memorandum at 10 (E.D.Mo. May 12, 1994). The district court noted that Grossman "clearly and repeatedly testified that she did not see a rack behind her prior to her fall nor can she positively identify a clothing rack as the object causing her to fall." *Id.* at 7.

## II. DISCUSSION

In reviewing a decision to grant summary judgment, we must apply the same strict standard as the district court, therefore our review is de novo. *Wood v. Omaha Sch. Dist.*, 985 F.2d 437, 439 (8th Cir.1993). We are required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences. *Id.* Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Fed.R.Civ.P. 56(c). We may neither weigh evidence nor make credibility determinations at the summary judgment stage. *Munz v. Michael,* 28 F.3d 795, 798 (8th Cir.1994).

■ Under Missouri law, a plaintiff in a slip and fall case must prove, *inter alia,* that a dangerous condition caused the plaintiff's injuries. *See Scheerer v. Hardee's Food Sys., Inc.,* 16 F.3d 272, 273–74 (8th Cir.1994). The question of causation is a question of fact where competing inferences may be drawn from underlying evidence. *Id.* at 274–75. In addition, causation may be shown by circumstantial evidence and need not be shown by direct testimony. *Id.* at 275. A plaintiff's inability to precisely identify the cause of a fall will not destroy the probative value of other evidence from which a jury could reasonably find that a dangerous condition on the premises was the cause of plaintiff's injury. *Id.* at 274.

■ We conclude that a material factual dispute remains regarding the cause of Grossman's fall. Ample evidence in this record precludes the entry of summary judgment. Grossman herself testified that she felt her heel connect with a clothing rack. In addition, testimony of other witnesses and undisputed evidence that there was a rolling rack in the area support her theory.

The district court's finding of no factual support for the rolling rack theory could only have been made by weighing evidence and making credibility determinations—discounting Grossman's testimony that she felt her heel connect with a rolling rack and crediting the salesclerk's testimony that Grossman was unsteady on her feet. There were no eyewitnesses to the incident and there is conflicting evidence regarding the placement of the clothing racks.

Such conflicts in evidence are for a jury to resolve. Viewing the evidence in the light most favorable to Grossman, as we must, this court is unable to affirm the district court.

## III. CONCLUSION

Accordingly, we reverse and remand to the district court for further proceedings.