_____

No. 95-2215
_____

Pagoda Trading Company, Inc.,   *
                                *
        Plaintiff/Appellee,     *
                                *   Appeal from the United States
    v.                          *   District Court for the
                                *   Eastern District of Missouri.
Pro Moves, Inc.,                *        [UNPUBLISHED]
                                *
        Defendant,              *
                                *
Timothy D. Brown,               *
                                *
        Defendant/Appellant.    *
                                _____

            Submitted:  December 14, 1995

               Filed:  February 26, 1996
                       _____

Before FAGG, GARTH,[*] and WOLLMAN, Circuit Judges.
                       _____

PER CURIAM.

        Timothy D. Brown appeals both the district court's[1] grant of
summary judgment in favor of Pagoda Trading Co., Inc. (Pagoda) on
his personal guaranty and its certification of the judgment
pursuant to Federal Rule Civil Procedure 54(b).  We affirm.

                              **I.**

        Brown is a professional football player for the Oakland
Raiders.  In 1990, Brown and his brother, Donald Kelly, formed Pro

_____

        *The HONORABLE LEONARD I. GARTH, United States Circuit
    Judge for the Third Circuit, sitting by designation.

        [1]The Honorable Catherine D. Perry, United States District
Judge for the Eastern District of Missouri.

Moves, Inc. (Pro Moves) for the purpose of selling athletic shoes. Brown became Chairman of the Board of Pro Moves and Kelly acted as President. Pro Moves entered into an agreement with Pagoda in September of 1990 whereby Pagoda would design and manufacture shoes and supply them to Pro Moves.

From 1992 until February 1993, Pagoda sent shipments of athletic shoes to Pro Moves. Although each shipment contained a sales invoice, Pro Moves did not pay Pagoda according to the invoice terms. In fact, during this entire period, Pro Moves paid Pagoda only $103,233.19 on these invoices, although it ordered shoes worth $1,594,477.55. In May 1992, Brown complied with Pagoda's request that he sign a personal guaranty to vouch for Pro Moves' debt to Pagoda for up to $1 million.

In February 1993, Pro Moves executed a demand note evidencing its indebtedness of $1,438,882.76 to Pagoda. Despite Pagoda's demand for payment, Pro Moves failed to pay. Brown also failed to honor the terms of his personal guaranty.

Pagoda brought an action against Pro Moves and Brown in September of 1993. Pagoda's suit against Pro Moves consisted of an action on account, a claim for breach of contract, and an action on the demand note. Pagoda also brought a claim against Brown on the personal guaranty. Pro Moves and Brown counterclaimed for breach of a joint venture agreement. Pagoda filed a motion for summary judgment as to all of the claims. The district court granted partial summary judgment on three of Pagoda's claims and on the counterclaim, leaving only Pagoda's breach of contract claim against Pro Moves for trial. On motion by Pagoda, the district court certified the judgment against Brown pursuant to Rule 54(b). Brown appeals.

## II.

Because our jurisdiction depends on proper certification of the judgment pursuant to Rule 54(b), we must first decide this issue before reaching the merits of the grant of summary judgment. Under Rule 54(b) the district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Before granting certification, the district court must consider the equities involved and take into account judicial administrative interests so as to prevent piecemeal appeals. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). We review the district court's grant of Rule 54(b) certification for an abuse of discretion. Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993).

The district court correctly followed the requirements of Rule 54(b) by stating there was no just reason for delay in certifying the judgment. Elaborating on its decision, the court stated that "[t]here are no issues remaining for decision as between plaintiff [Pagoda] and defendant Brown, and the ultimate resolution of [the breach of contract claim] against Pro Moves will have no legal effect on the already-determined liability of defendant Brown on his personal guarantee."

We agree that the district court's order entirely disposed of Pagoda's claim against Brown and that there was no just reason for delaying certification. The remaining breach of contract claim involves a potential liability of Pro Moves for shoes that were ordered but never shipped to Pro Moves because of its nonpayment to Pagoda. This issue is completely severable from the guaranty claim against Brown, which is based upon liability already incurred by Pro Moves. At the very least, Pro Moves owes Pagoda more than $1.4 million as evidenced by the demand note, well over the amount guaranteed by Brown. Thus, certification was proper because there

-3-

is no significant relationship between the individual claim against Brown based on his personal guaranty and the remaining claim against Pro Moves for breach of contract.  See In re Flight Transp. Corp. Sec., 825 F.2d 1249, 1251 (8th Cir. 1987), cert. denied, 485 U.S. 936 (1988) (finding certification proper when "no significant relationship [existed] between adjudicated and unadjudicated claims").

Moreover, Brown's liability based on the personal guaranty is separate and distinct from any of Pagoda's claims against Pro Moves.  Under Missouri law, "[g]uarantees are separate contracts, collateral to and independent of any underlying agreement." McFarland v. O'Gorman, 814 S.W.2d 692, 694 (Mo. Ct. App. 1991).  A guarantor's liability stems primarily from the guaranty itself. Id. (citing Boatmen's Bank v. Community Interiors, Inc., 721 S.W.2d 72, 79 (Mo. Ct. App. 1986)).  It was not unreasonable, then, for the district court to order Brown to tender payment before final resolution of the action.  See Federal Deposit Ins. Corp. v. Elefant, 790 F.2d 661, 664-65 (7th Cir. 1986) (holding that guarantor may be required to pay obligee at once, despite pending action on underlying note, when basic liability is apparent).

Moving on to the merits of this action, we hold that the district court did not err in granting partial summary judgment on Brown's personal guaranty.  We review a grant of summary judgment de novo.  Grossman v. Dillard Dep't Stores, 47 F.3d 969, 971 (8th Cir. 1995).  Because this is a diversity case, we also review the district court's interpretation of state law de novo. Michalski v. Bank of America Arizona, 66 F.3d 993, 995 (8th Cir. 1995) (citing Salve Regina College v. Russell, 499 U.S. 225, 231 (1991)).

Here, it is undisputed that Brown voluntarily signed an unconditional, continuing guaranty promising to pay Pagoda up to $1 million for debt incurred by Pro Moves.  The terms of the guaranty are clear and unambiguous.  They specifically provide that the

-4-

guaranty may be enforced "independently of any action against said debtor."  Pro Moves has acknowledged by demand note that it owes Pagoda more than $1 million and has not tendered payment.  Based on these facts, we find that summary judgment was proper.  See Lemay Bank & Trust Co. v. Harper, 810 S.W.2d 690, 693 (Mo. Ct. App. 1991) (finding summary judgment against guarantor appropriate when guaranty was unambiguous, underlying debtor used loans pursuant to guaranty, and debtor defaulted on loans).

The district court's certification of the judgment pursuant to Rule 54(b) and its grant of partial summary judgment against Brown are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.