_____

No. 96-1837
_____

Neil Ganoe; Juane Good,      *
husband and wife,         *
                             *
       Appellants,       *
                             *  Appeal from the United States
   v.                *  District Court for the
                             *  District of Minnesota.
Koch Refining Company, a     *
foreign corporation,       *     [UNPUBLISHED]
                             *
       Appellee.        *

_____

Submitted:  January 15, 1997

Filed:  January 30, 1997
_____

Before MAGILL, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

    Neil Ganoe and Juane Good, husband and wife, appeal the district court's grant of summary judgment in favor of Koch Refining Company (Koch) in this diversity slip-and-fall action.  We reverse.

    Ganoe and his wife sought damages for injuries Ganoe suffered when he slipped and fell while he was a business invitee on Koch's premises.  Following a hearing, the district court granted Koch's motion for summary judgment, concluding that Ganoe had failed to produce sufficient evidence to create a triable issue as to the existence and nature of any defect causing Ganoe's fall.

    We review a grant of summary judgment de novo, using the same standards as the district court and finding summary judgment

appropriate only if, when viewing all the facts and reasonable inferences therefrom in the light most favorable to the nonmoving party, there remains no genuine issue of material fact. See Scheerer v. Hardee's Food Sys., Inc., 16 F.3d 272, 273 (8th Cir. 1994). At the summary judgment stage, we may not weigh evidence or make credibility determinations. See Grossman v. Dillard Dep't Stores, Inc., 47 F.3d 969, 971 (8th Cir. 1995).

Under Minnesota law, a business owner owes a business invitee the duty to keep and maintain premises in a reasonably safe condition. See Wolvert v. Gustafson, 146 N.W.2d 172, 173 (Minn. 1966). To recover in a slip-and-fall case, the plaintiff must establish that the business operator knew of the defect causing the injury or that the defect had existed for a sufficient period of time to charge the operator with constructive notice of its presence. Id.; see also Gearin v. Wal-Mart Stores, Inc., 53 F.3d 216, 217-18 (8th Cir. 1995) (per curiam). The issue of causation is traditionally an area reserved for the jury. See Black v. Stumvoll, 374 N.W.2d 782, 784 (Minn. Ct. App. 1985).

To counter Koch's motion for summary judgment, Ganoe offered evidence that oil residue may have formed on the ground from top-loading fuel racks; that--in the past--the design of the roof canopy had caused water to drain, creating a mound of ice in the area where drivers exited their vehicles; that he and other drivers complained to Koch about the mounds of ice; that it was drizzling and raining intermittently on the night of the accident, the temperature was around freezing, and the ground was wet; that when he pulled his truck around for loading, the area was slippery and he could see the reflection of ice; that his stepson saw patches of ice underneath the loading rack; and that Ganoe told his stepson at the time of the accident he had slipped on ice.

Viewing the evidence in the light most favorable to Ganoe, we conclude there exist genuine issues of material fact as to what

caused Ganoe to slip and fall as well as whether Koch had knowledge of any defect and opportunity to correct it. See Grossman, 47 F.3d at 971 (reversing grant of summary judgment to defendant; evidence plaintiff felt heel connect with rolling clothes rack as she fell and other witnesses saw rack in area sufficient to create factual dispute as to causation); Scheerer, 16 F.3d at 274-75 (reversing grant of summary judgment to defendant; plaintiff's deposition testimony provided submissible case as to causation where plaintiff did not know cause of fall, but testified she saw grease and oil in the area, and she recalled the pavement being "tacky" and having damp spots, and the lot was on a downward slope).

Accordingly, the judgment of the district court is reversed, and the case is remanded to the district court for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.