# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2765

_____

| | | |
|---|---|---|
| Cheryle Ann Scheerer;<br>John Scheerer,<br><br>Appellants,<br><br>v.<br><br>Hardee's Food Systems, Inc.,<br><br>Appellee. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Appeal from the United States<br>District Court for the<br>Western District of Missouri |

_____

Submitted: February 12, 1998

Filed: July 9, 1998

_____

Before McMILLIAN and LOKEN, Circuit Judges, and BOGUE,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Cheryle Ann Scheerer and her husband, John Scheerer, (the Scheerers) appeal from a final judgment entered in the United States District Court[2] for the Western

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Fernando J. Gaitan, United States District Judge for the Western District of Missouri.

District of Missouri, in favor of Hardee's Food Systems, Inc. (Hardee's), following a second trial in their action for damages resulting from injuries sustained by Mrs. Scheerer when she slipped and fell in the parking lot of a Hardee's restaurant in Lee's Summit, Missouri. This is the third time this case has come before us. We previously reversed the district court's grant of summary judgment for Hardee's, Scheerer v. Hardee's Food Systems, 16 F.3d 272 (8th Cir. 1994) (Scheerer I) (reversing and remanding for trial), and thereafter reversed a judgment for Hardee's following the first jury trial, id., 92 F.3d 702 (8th Cir. 1996) (Scheerer II) (reversing and remanding for a new trial). At the second trial, the jury returned a verdict for Hardee's upon assigning 0% fault to Hardee's and 0% fault to Mrs. Scheerer. In the present appeal, the Scheerers argue that the district court (1) erred in admitting certain testimonial evidence related to the subject matter of an inadmissible document, (2) erred in instructing the jury, and (3) abused its discretion in allowing cross-examination and closing arguments which tended to impugn the Scheerers' counsel. Upon careful review, we now affirm.

**Jurisdiction**

This case was removed from state court to federal district court pursuant to 28 U.S.C. § 1441. Jurisdiction in the district court was proper based upon 28 U.S.C. § 1332. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a), and we have jurisdiction over the present appeal pursuant to 28 U.S.C. § 1291.

**Discussion**

In Scheerer II, we held that the district court erred at the first trial in admitting into evidence as a business report an incident report prepared in anticipation of litigation by a non-witness employee of Hardee's. 92 F.3d at 705-07. The incident report contained a statement attributed to a "friend" of Mrs. Scheerer that the cause of the accident was Mrs. Scheerer's "slick shoes." Id. at 705. Prior to the second trial, the district court entered an order precluding Hardee's from mentioning the incident

report at any time before or during the trial, while in the presence of the jury or potential jurors, without prior permission from the district court. At trial, counsel for Hardee's cross-examined the "friend," Mrs. Fann, about her observations while assisting Mrs. Scheerer at the time of the accident. Counsel asked the following question: "And you looked around and you said it must have been your slick shoes, didn't you?" Appellants' Appendix, Vol. 2, at 289 (trial transcript). Over the objection of counsel for the Scheerers, the district court allowed the question and admitted Mrs. Fann's answer, in which she admitted making the "slick shoes" comment. It is undisputed that the incident report was not mentioned at the second trial. Thus, all that is at issue in this appeal is Mrs. Fann's testimony about her own contemporaneous "slick shoes" comment (which had been recorded in the inadmissible report).

The Scheerers argue that the district court erred in permitting Mrs. Fann to answer the "slick shoes" question. According to the Scheerers, "Hardee's managed to get through the 'back door' (cross-examining Mrs. Fann about her purported conclusions about what caused the slip and fall) what it could not get in through the 'front door' (admission of the incident report)." Id. at 13. The Scheerers apparently do not dispute the propositions that the hearsay rule allows a witness to testify about his or her own prior statements, Fed. R. Evid. 801(c), or that an attorney ordinarily may ask on cross-examination whether the witness previously made a particular statement under oath, Fed. R. Evid. 613. They argue, however, that – not only did Mrs. Fann never actually admit at the first trial that she had made the "slick shoes" comment – *but also* that there was no evidence that she had ever actually looked at the soles of Mrs. Scheerer's shoes or personally knew about them. Therefore, they contend, Mrs. Fann should not have been "forced to testify as to her opinion on the ultimate issue in this case – the cause of Mrs. Scheerer's slip and fall," because it violated Fed. R. Evid.

701[3] and Fed. R. Evid. 602.[4]  Brief for Appellants at 15-25.

To begin, although not necessarily required under Fed. R. Evid. 613, the fact of the matter is that Mrs. Fann *did* essentially testify at the first trial that she had made the "slick shoes" comment.[5]  More importantly, Mrs. Fann's testimony regarding her own observations at the time of the accident, which Hardee's was able to elicit from her on cross-examination, was relevant to rebut through reasonable inference the Scheerers' evidence suggesting that Mrs. Scheerer slipped because of water, oil, or degreaser on

---

[3]Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

[4]Rule 602 provides in relevant part:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.

[5]Mrs. Fann testified at the first trial as follows.

Question: "Were you the one, Miss Fann, that decided or stated after she fell that it must have been her slick shoes?"

Answer: "That was the conclusion I made, the comment, the fact that she had on black patent leather shoes."

Appellants' Appendix, Vol. 1, at 102 (trial transcript).

the parking lot. See Fed. R. Evid. 401. Because Mrs. Fann's contemporaneous statement was rationally based on her own first-hand perceptions and reasonably would have aided the jury's understanding of a fact in issue (i.e., whether there was water, oil, or degreaser on the parking lot), it was not inadmissible under Fed. R. Evid. 602 or Fed. R. Evid. 701. Furthermore, because Mrs. Fann's contemporaneous statement of opinion was "otherwise admissible," it was not objectionable merely because it embraced an ultimate issue to be decided by the trier of fact. See Fed. R. Evid. 704(a).

We next turn to the Scheerers' claims of instructional error at the second trial. In Scheerer II, we anticipated that some of the instructional issues raised in that appeal would recur following our remand and thus addressed them at that time. We held, among other things, that the district court did not err in instructing the jury on the issues of whether an "open and obvious" danger existed in the parking lot or whether Mrs. Scheerer failed to keep a proper lookout and therefore may be comparatively at fault. 92 F.3d at 709-10. In the present appeal, the Scheerers again argue that the district court committed reversible error in giving the same "open and obvious" instruction, the same "proper lookout" instruction, and the same comparative fault instruction. Alternatively, the Scheerers argue that the district court erred by giving those instructions *together* because they are logically inconsistent. The Scheerers further argue that it was reversible error for the district court to use, in Instruction No. 10, the word "accident" instead of "incident" because "accident" implies a lack of any fault, whereas "incident" does not. See Instruction No. 10 ("The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence.") (set forth in Addendum to Brief for Appellants at 6).

The Scheerers have made no showing that the evidence relevant to the challenged instructions was materially different at the second trial. We therefore hold that the Scheerers' legal arguments regarding Instructions Nos. 8, 9, and 12 are foreclosed under the "law of the case" doctrine because the exact same issues were

raised on appeal and were decided favorably to Hardee's in <u>Scheerer II</u>, 92 F.3d at 709-10. <u>See</u> <u>Bethea v. Levi Strauss & Co.</u>, 916 F.2d 453, 456-57 (8th Cir. 1990) (district court is bound on remand to obey, without re-examining, court of appeals' mandate in same case). As to Instruction No. 10, we simply find no merit to the Scheerers' argument. When Instruction No. 10 is read in its entirety and in conjunction with the other jury instructions, it is simply unreasonable to construe the jury charge as a whole as indicating that the jury should find no fault. <u>See, e.g.</u>, <u>Dupre v. Fru-Con Eng'g, Inc.</u>, 112 F.3d 329, 335 (8th Cir. 1997) (when reviewing claim of instructional error, instructions are considered in their entirety to determine whether the charge, as a whole, fairly and adequately submits the issues to be tried). Accordingly, we hold that the district court did not commit reversible error in its jury instructions.

Finally, the Scheerers argue that the district court abused its discretion by allowing defense counsel to insinuate, in cross-examination of the Scheerers' witnesses and in closing argument, that the Scheerers' counsel may have suborned perjury or encouraged fabrication. In response, Hardee's maintains that defense counsel did nothing wrong in highlighting, for example, the significant changes over time in the testimony given by Mrs. Scheerer and the Scheerers' witnesses and in pointing out logical inferences to be drawn therefrom.

Notwithstanding the unflattering light that was shed upon the Scheerers' attorney, we hold that it was within the district court's discretion to permit the questions and arguments to which the Scheerers now object because they addressed matters concerning the credibility of witnesses. Moreover, the questions and arguments by lawyers are not evidence, and we assume the jury was so instructed. Finally, the arguments and inferences raised by counsel for Hardee's were certainly matters upon which counsel for the Scheerers could have responded through redirect examination and rebuttal closing argument. Thus, upon careful review, we hold that the district court did not abuse its discretion in allowing cross-examination and closing arguments which tended to impugn the Scheerers' counsel.

## Conclusion

For the reasons stated, the judgment of the district court is affirmed.  In addition, the motions filed by Hardee's to dismiss the present appeal as frivolous and for sanctions are denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.