**BRATTIN INSURANCE AGENCY, INC., Respondent,**

v.

**TRIPLE S. PROPERTIES, INC., Appellant.**

No. 24545.

Missouri Court of Appeals, Southern District, Division One.

June 12, 2002.

Dale Wiley, Crane, for Appellant.

David A. Cole, Cassville, Respondent.

ROBERT S. BARNEY, Chief Judge.

Triple S. Properties, Inc., ("Appellant") appeals from a judgment of the Circuit

Court of Greene County which ordered Appellant to pay Brattin Insurance Agency, Inc., ("Respondent") the sum of $10,034.00 for premiums due under a general commercial liability policy provided by Owners Insurance Company, a/k/a "Auto-owners."

The judgment found that Appellant had contracted with Respondent to provide a commercial liability insurance policy which was subject to adjustments, based on annual audits, and pursuant to the audit, the trial court determined that Appellants were indebted to Respondents for the judgment amount.

Appellant raises three points of trial court error. Point Two is dispositive. It sets out that the trial court erred in overruling Appellant's motion for judgment at the close of Respondent's evidence, as the Respondent failed to produce any evidence that a contract was ever created between Respondent and Appellant. It argues that the insurance policy which was introduced at trial recited that the parties thereto were the insurer, Auto Owners, and Appellant, the insured. Consequently, Appellant maintains Respondent could not recover under a contract theory as pled. We agree and reverse and remand for a new trial.

In a bench trial, the standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), which interprets what is now Rule 73.01(c). *Tower Props. Co. v. Allen,* 33 S.W.3d 684, 687 (Mo.App.2000). "Under this standard, this court will affirm and sustain the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

■ "An insurance policy is a written contract between the insurer and the insured and each is bound by its terms." *Winston v. Hartford Fire Ins. Co.,* 317 S.W.2d 23, 26 (Mo.App.1958). As with any other contract, it is interpreted in accordance with the plain terms of the agreement. *See American States Ins. Co. v. Broeckelman,* 957 S.W.2d 461, 467 (Mo. App.1997). "In order to state a cause of action on a contract, one must be a party to that contract from which the action arises." *McFarland v. O'Gorman,* 814 S.W.2d 692, 694 (Mo.App.1991).

At trial, Ms. Jan Massey testified that she was an insurance agent working for Respondent and that she had been contacted by Appellant's representative, Ms. Marilyn Henry, seeking to obtain "some general liability insurance coverage ...." Ms. Massey related that "we wrote [Appellant] with [Auto Owners]." Ms. Massey then identified the policy that provided [general commercial] liability coverage to Appellant, and explained that there was a provision in the policy that the premium could be adjusted by audit.

Ms. Massey also testified that Appellant paid Auto Owners *directly* and acknowledged that Respondent was not "the insurance company that provided this policy," but was the "middle man."

Our review of the exhibits, filed in this case at our request, confirms Ms. Massey's testimony that Auto Owners was the named insurer under the policy and that Appellant was the named insured. During oral arguments Respondent appeared to concede the facts as related by Ms. Massey.

■ No evidence was presented at trial showing the legal relationship between Auto Owners and Respondent or showing that the latter could either collect premiums on behalf of Auto Owners or bring suit in the Auto Owner's name. Our review of the petition shows that Respondent made no attempt to plead any of the elements of quantum meruit, or unjust en-

richment. Appellant is correct when he characterizes Respondent's pleadings as an attempt to state a cause of action under a breach of contract theory. However, Respondent is neither the insurer nor the insured party under the terms of the policy's provisions. The person in whose name a contract is made is the proper party to sue thereon. *McFarland,* 814 S.W.2d at 694. The trial court erred in applying the law by awarding judgment in favor of Respondent because Respondent was never a party to the contract for insurance.

At trial, Respondent made a prima facie showing that Appellant owed premiums under the insurance policy pertinent to this appeal after an audit was performed in accordance with the terms of the insurance policy. The question remains: to whom were these premiums owed? "If a plaintiff, by mistake or inadvertence, fails to produce sufficient evidence at trial to prove his claim, in a situation where the proof seems to be available, the case should be remanded to permit the introduction of additional evidence." *In re Estate of Mapes,* 738 S.W.2d 853, 856 (Mo. banc 1987). Such is the case here. Accordingly, we reverse and remand for a new trial.

SHRUM, P.J., and MONTGOMERY, J, concur.