**UNITED STATES of America, Plaintiff,**

v.

**Rueben HORNED EAGLE, Defendant.**

No. CR.02–30049, 2002DSD25.

United States District Court, D. South Dakota, Central Division.

Aug. 12, 2002.

Randolph J. Seiler, Assistant U.S. Attorney, Pierre, SD, for Plaintiff.

Edward G. Albright, Federal Public Defender's Office, Pierre, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

MORENO, United States Magistrate Judge.

### I.

[¶ 1] Defendant, Rueben Horned Eagle (Horned Eagle) is charged in this criminal case with kidnapping, assault with a dangerous weapon, assault resulting in serious bodily injury and first degree burglary in violation of 18 U.S.C. §§ 1153, 1201(a)(2), 113(a)(3), (6) and SDCL 22–32–1. After being arraigned, he filed a Motion to Suppress Statements made by him to law enforcement officers on May 15, 2002, in Albuquerque, New Mexico. In his Motion, Horned Eagle claims, among other things, that the post-indictment questioning of him by officers, following his arrest and request for assistance of counsel, violated his rights under the Sixth Amendment.

### II.

[¶ 2] At a suppression hearing held on July 25, 2002, Plaintiff, United States of America (Government), attempted to admit, through Federal Bureau of Investigation (FBI) Agent Michael D. McDonald, a report prepared by FBI Agent Trent E. Pedersen concerning the arrest and apprehension of Horned Eagle on May 15th. The report had been prepared by Pedersen on July 9, 2002 (approximately three weeks after Horned Eagle's Suppression Motion was filed) and contains Pedersen's own rendition of the events that day and

statements made by other officers involved in Horned Eagle's arrest. The Government sought to admit the report under Fed.R.Evid. 803(6)[1] as a business record, and used McDonald to lay an evidentiary foundation for the report. Of particular importance here are the references in the report to Pedersen, and three other officers who he apparently "interviewed," never having "heard" Horned Eagle say that he wanted to speak to an attorney. Horned Eagle objected to the report on hearsay and Confrontation Clause grounds. This Court initially sustained the objection, but thereafter took the matter under advisement and indicated that it would issue a formal ruling at a later time.

### III.

[¶ 3] It is eminently clear that Pedersen's report contains "written assertions" constituting "statements," *see* Fed.R.Evid. 801(a), which are being offered by the Government as evidence to prove the truth of the matter asserted in them, *see* Fed. R.Evid. 801(c). As such, they are hearsay and inadmissible unless they fall within one of the so-called "exceptions" to the hearsay rule delineated in Fed.R.Evid. 803 and 804.

[¶ 4] Aside from the business records exception, the exception for public records found in Fed.R.Evid. 803(8) is material and weighs heavily on the issue of whether the report is admissible, or excludable, as hearsay. Rule 803(8) is a more specific Rule and, with respect to the admission of police reports in criminal cases, would arguably trump the admission of such reports under Rule 803(6). *See United States*

*v. Orellana–Blanco*, 294 F.3d 1143, 1149 (9th Cir.2002). Indeed, several circuits have explicitly held that the business records exception cannot be used as a "back door" to introduce evidence that would not be admissible under Rule 803(8)(B).[2] *See Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1345 (Fed.Cir.1999); *United States v. Brown*, 9 F.3d 907, 911 (11th Cir.1993), *cert. denied*, 513 U.S. 852, 115 S.Ct. 152, 130 L.Ed.2d 91 (1994).

[¶ 5] Inasmuch as Rule 803(8)(B) specifically excludes reports prepared by law enforcement officers from the public records exception to the hearsay rule if used against a criminal defendant, such records cannot be admitted under the business records exception. *Orellana–Blanco*, 294 F.3d at 1150–51. To hold otherwise would render Rule 803(8)(B) meaningless and would frustrate the intent of Congress. *Id.; see also* 30B M. Graham *Federal Practice and Procedure*, § 7047 at 453–57 (2000).

[¶ 6] The exclusion in Rule 803(8)(B) applies to observations made by police officers and other law enforcement personnel in connection with the apprehension and investigation of an accused and not "records or routine, non-adversarial matters made in a non-adversarial setting." *United States v. Pena–Gutierrez*, 222 F.3d 1080, 1087 (9th Cir.), *cert. denied*, 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000). "[T]he reason for this exclusion is that observations by police officers at the scene of ... the apprehension of the defendant are not as reliable as observations by public officials in other cases because of the adversarial nature of the

---

**1.** Rule 803(6) permits the introduction of certain business records "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation."

**2.** Rule 803(8)(B) allows the admission of certain public records setting forth matters observed pursuant to a legal duty, "excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel."

confrontation between the police and the defendant in criminal cases." Advisory Committee Note to Fed.R.Evid. 803(8) (1974 enactment).

■ [¶ 7] In the instant case, Pedersen's report contains his own subjective observations as to what transpired during and after Horned Eagle's arrest. The report is not of routine, ministerial, objective, nonevaluative matters made in a nonadversarial setting. Nor was it prepared exclusively for law enforcement purposes. Quite telling is the fact that the report includes statements from Pedersen himself and other law enforcement officers involved in the arrest that focus on and attempt to answer the important legal question of whether Horned Eagle ever invoked his Sixth Amendment right to counsel after he was taken into custody. The report thus fell within the criminal case exclusion to the public records exception (subsection (B) of Rule 803(8)). Because the report cannot be moored in the safe harbor of this exception or, *a fortiori*, the business records exception, it falls prey to the hearsay rule and is inadmissible as evidence. *Orellana–Blanco*, 294 F.3d at 1150–51; *United States v. Enterline*, 894 F.2d 287, 290 (8th Cir.1990); *see also United States v. Bell*, 785 F.2d 640, 644 (8th Cir.1986); *see generally* M. Graham, § 7049, nn. 16–17 at 483–87.

## IV.

■ [¶ 8] The report is not admissible under the business records exception for a separate and distinct reason: it was prepared for purposes of litigation. *See Scheerer v. Hardee's Food Systems, Inc.*, 92 F.3d 702, 706–07 (8th Cir.), *appeal after remand*, 148 F.3d 1036 (8th Cir.1998), *cert. denied*, 525 U.S. 1105, 119 S.Ct. 871, 142 L.Ed.2d 772 (1999); *United States v. Blackburn*, 992 F.2d 666, 670 (7th Cir.), *cert. denied*, 510 U.S. 949, 114 S.Ct. 393,

126 L.Ed.2d 341 (1993); *see also* M. Graham, § 7047, n. 12 at 404–06. McDonald testified that general FBI policy dictated that reports be prepared within five days of the events described in them. Mtn. Hrg. Tr. 34. He also testified that he asked Pedersen to prepare a report "solely for the purpose of this suppression hearing." *Id.* at 35. The report itself corroborates this and plainly reflects that the same was generated after Horned Eagle's Suppression Motion had been filed. The Court is convinced that the report was prepared in anticipation of the suppression hearing and in response to Horned Eagle's Motion. It appears that the report was intended to address and combat one or more of the Sixth Amendment claims raised by Horned Eagle in his Motion. Inasmuch as the method and circumstances involved in preparation of Pedersen's report indicate a lack of trustworthiness, the Court denies admission of the report for this reason as well. *Blackburn*, 992 F.2d at 670; *Wheeler v. Sims*, 951 F.2d 796, 802–03 (7th Cir.), *cert. denied*, 506 U.S. 914, 113 S.Ct. 320, 121 L.Ed.2d 241 (1992); *Meder v. Everest & Jennings, Inc.*, 637 F.2d 1182, 1186–87 (8th Cir.1981); *see also*, M. Graham, § 7047, n. 13 at 409–10.

## V.

[¶ 9] In view of its ruling, the Court sees no compelling reason to pass on Horned Eagle's Confrontation Clause objection. The Court, therefore, expresses no view as to the merits of this objection, believing that a ruling on the same should be left for another day.

## VI.

[¶ 10] Based on the foregoing discussion, it is accordingly,

[¶ 11] ORDERED that Horned Eagle's hearsay objection to the admission of Exhibit 3 (Pedersen's report) is SUS-

TAINED and the Government's offer/request to admit the Exhibit is DENIED.