Rosa Nell **ROBINSON** et vir, Petitioners,

v.

Bernice C. **CRUMP**, Sr., Respondent.

No. B–686.

Supreme Court of Texas.

May 1, 1968.

Rehearing Denied May 29, 1968.

David J. Nagle, Houston, for petitioner.

McLeod, Alexander, Powel & Apffel, Galveston, for respondent.

PER CURIAM.

This is a suit for damages brought by the petitioners against respondent as a result of petitioners' automobile having been struck from the rear by an automobile driven by respondent's minor son. On a jury verdict the trial court rendered a judgment that petitioners take nothing. This judgment was affirmed by the Court of Civil Appeals. 422 S.W.2d 536. The record in the Court of Civil Appeals contained no statement of facts.

Petitioners-appellants complained by bill of exceptions of the argument to the jury made by one of respondent-appellee's attorneys. The Court of Civil Appeals sustained respondent's motion to strike the bill of exceptions because it was filed in the trial court fifty-one days after the overruling of the motion for new trial. Rule 381, Texas Rules of Civ. Procedure. The bill of exceptions was presented to the trial judge on the fifty-first day and he entered an order stating: "Ordered that the plaintiffs' [petitioners herein] bill of exceptions * * * is allowed by the court as a bill of exceptions and is filed contemporaneously with this order." The record was filed in the Court of Civil Appeals within the sixty-day period provided by Rule 386.

Under the record in this case the bill of exceptions was properly before the Court of Civil Appeals and subject to its consideration, and the motion to strike should not have been sustained. The cases relied on by the respondent-appellee to sustain his motion to strike the bill of exceptions are not in point nor do they control our case at hand.

We have considered the bill of exceptions and all assignments of error and we

find the Court of Civil Appeals has arrived at the correct disposition of this cause.

Writ of error is refused, No Reversible Error.