**Lorraine WHALEY and Homer Whaley, Respondents,**

v.

**LS & E, INC., Appellant.**

**No. 62876.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1993.

Randall D. Sherman, Hillsboro, for appellant.

Gregory K. Laughlin, Hillsboro, for respondent.

Before GARY M. GAERTNER, P.J., and SMITH and STEPHAN, JJ.

PER CURIAM.

Appellant, LS & E, Inc., appeals from a jury verdict entered in the Circuit Court of Jefferson County finding appellant 25% at fault for respondent Lorraine Whaley's slip and fall and awarding her $25,000.00. We reverse.

On March 10, 1987, respondent went to eat at a Bonanza Restaurant in Crystal City, Missouri. As she was crossing the parking lot upon her return to her car, respondent slipped and fell, seriously injuring her leg. Although respondent and various relatives with her noticed a newly landscaped area covered with straw adjoining the parking lot, no one specifically noticed straw at or near the location of the accident. However, the day after respondent's fall, two daughters of respondent returned to the parking lot to take pictures. These photos revealed straw on the parking lot.

Respondent and her husband brought suit against LS & E, owner of the Bonanza Restaurant. During trial, appellant made timely motions for directed verdicts at the close of respondent's evidence and at the close of all evidence. These motions were denied. The jury returned a verdict assessing the total amount of damages at $100,-000.00, finding respondent 75% at fault and appellant 25% at fault. The jury found against the husband on his loss of consortium claim. LS & E filed a motion for judgment notwithstanding the verdict, which the court denied. LS & E now appeals.

Appellant argues its motion for judgment notwithstanding the verdict should have been sustained, as respondent failed to make a submissible case in three respects. First, appellant claims respondent did not provide sufficient evidence that there was straw in the location of the fall in such quantities as to be unsafe. Next, appellant asserts respondent failed to established appellant's actual or constructive knowledge of straw on the parking lot. Finally, appellant contends there was insufficient evidence that straw on the parking lot actually caused the fall.

■ We initially note Missouri law requires that a jury verdict be upheld on appeal unless there is a complete absence of probative facts in support of the verdict. *Steif v. Limpiphiphatn*, 814 S.W.2d 695, 697 (Mo.App., E.D.1991). Issues such as the credibility of witnesses, the weight of evidence, and the resolution of conflicts in the testimony are not matters which we

can review. *Id.* This court will consider the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences and disregarding any evidence not supporting the verdict. *McPherson v. David,* 805 S.W.2d 260, 263 (Mo.App., W.D.1991).

■ Appellant argues respondent's case provided insufficient evidence of premises liability. Respondent testified at trial that after the fall, she did not look around to see what might have caused her fall. Respondent's husband testified that on the day of the accident, he did not notice any straw on the parking lot in general, and he did not have occasion to see what might have been responsible for respondent's fall. Susan Whaley, daughter of respondent, admitted she did not know what had caused her mother to fall.

Respondent based her case on the fact that landscaping had recently been completed on some of appellant's land adjacent to the parking lot. This freshly landscaped area was sprinkled with straw. Also, respondent submitted, as exhibits, photographs of the parking lot showing straw strewn on the lot. These photos were taken by respondent's daughters the day after the slip and fall.

Both parties acknowledge that circumstantial evidence can make a submissible case on the issue of causation. *Georgescu v. K Mart Corp.,* 813 S.W.2d 298, 300 (Mo. banc 1991). However, we find respondent's evidence lacking in substance. Straw on the ground near the parking lot does not automatically translate into straw on the parking lot.

Additionally, the photographs provide no support for respondent's contention. In a case with somewhat similar facts, a woman was injured as she exited a Seven–Eleven Store. The woman indicated her heel had caught on something, though she was not sure what. *Smith v. Seven–Eleven, Inc.,* 430 S.W.2d 764, 766–7 (Mo.App., Spfld. D.1968). Approximately a day after the accident, the store manager noticed a new hole in the rubber mat near the exit of the store. *Id.* at 768. It was only after the plaintiff saw a photograph of the mat taken by the store manager that she asserted the theory she had tripped on the mat. *Id.* at 767. The appellate court affirmed a judgment for the defendant holding that the traffic across the mat between the time of the accident and the discovery of the hole a day later prevented the finding of a logical inference between the fall and hole in the mat. *Id.* at 769.

We find the situation before us sufficiently similar. No one, including respondent, saw anything which could have caused the fall. It was only after photographs were taken the following day showing straw on the parking lot that respondent suggested it was the straw which caused her to slip. We find that due to the passage of time between respondent's fall and the taking of the photographs, the photos provided only speculative evidence, at best, that straw was involved in the accident. As such, we find the argued inference here forced and impermissible. *See Id.*

Respondent relies heavily on *Georgescu v. K Mart Corp.,* 813 S.W.2d 298 (Mo. banc 1991) in support of the argument that she did make a submissible case. In *Georgescu,* as in the case before us, the victim of a slip and fall relied upon circumstantial evidence to establish the defendant's negligence. *Id.* at 300. The Supreme Court found the plaintiff had made a submissible case where a K Mart employee noticed popcorn on the floor and failed to clean it herself; the employee made two calls for clean-up which went unheeded; a friend of the plaintiff's at K Mart with her noticed debris in the general area of plaintiff's fall approximately 10–15 minutes before the incident; the friend's daughter also testified to seeing debris; the plaintiff's husband testified to seeing something on the floor at the location of the fall; two K Mart employees stated the plaintiff had slipped on potato chips; and a stock boy fell in the same area on the same substance which caused the plaintiff to fall. *Id.* Thus, though there were no witnesses to the accident and the plaintiff stated she saw nothing on the floor prior to the fall, the court found a submissible case had been made

based on the above circumstantial evidence. *Id.*

The evidence before us does not come close to measuring up to the extent of evidence provided in *Georgescu.* Neither respondent, nor her family, nor anyone else saw anything on the parking lot which could have caused respondent's fall. Also, as discussed above, no reasonable inference can be drawn from the photographs. As such, we agree with appellant and find that respondent failed to make a submissible case of premises liability.

Based on the foregoing, we reverse the judgment of the trial court.