

# Missouri Court of Appeals
## Southern District
### Division Two

PATSY CUSTER,                      )
                                           )

     Plaintiff-Appellant,         )

                                           )

vs.                                )          No. SD34132

                                           )

WAL-MART STORES EAST I, LP,         )          Filed June 15, 2016

                                           )

     Defendant-Respondent.        )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

<u>REVERSED AND REMANDED</u>

Patsy Custer appeals from the summary judgment granted in favor of Wal-Mart Stores East I, LP, Store No. 86 ("Wal-Mart").  Custer argues that summary judgment was improperly granted because her case presents genuine issues of material fact requiring a trial to resolve.  We agree, reverse the trial court's judgment, and remand for further proceedings.

### **Standard of Review**

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered.  Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion.  We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo.*  The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion

initially.  The propriety of summary judgment is purely an issue of law.  As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (internal citations omitted).  Here, judgment was entered against Custer.  Therefore, we view the record in the light most favorable to her and accord her the benefit of all reasonable inferences.  *Id.*

**Factual and Procedural Background**

Custer sued Wal-Mart for personal injuries because, as alleged in her petition, she "slipped and fell on a sticky substance near the produce aisle[.]"  Wal-Mart moved for summary judgment, stating that "there is no evidence that the condition of [Wal-Mart's] floor caused or contributed to cause [Custer] to fall[,]" and therefore Custer could not make a submissible case of negligence.

Wal-Mart's motion was accompanied by a statement of uncontroverted material facts that sets forth 51 paragraphs of what Wal-Mart contends are "material facts to which there is no genuine issue[.]"  Paragraphs numbered one and two recite the filing date of Custer's petition and allegations from paragraphs five and six of Custer's petition.  The next 47 numbered paragraphs merely recite testimony from depositions of potential witnesses in this case.  For example, paragraphs three and four state:

> 3.  [Custer] testified in her deposition that she does not remember what she thinks she stepped in as being a sticky substance. (Exhibit 2, Transcript of the Deposition of Patsy Custer, page 26, lines 3-11).

> 4.  [Custer] was asked in her deposition if this matter proceeds to trial what is she going to tell the jury caused her to fall.  [Custer's] answer was: "All I can say was for a split second my mind said lettuce leaf or onion skin.  Outside of that, that's

2

all I can tell you."  (Exhibit 2, Transcript of the Deposition of Patsy Custer, page 27, lines 11-21).[1]

"The language of Rule 74.04 establishes the boundaries of Missouri's summary judgment practice."  *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380.  Rule 74.04 contemplates a statement of uncontroverted material facts in which the movant sets out a material fact and then supports that fact with references to a deposition or other document.[2]  Rule 74.04(c)(1) mandates that a statement of uncontroverted material facts "shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, *with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts*."  (Emphasis added).  Instead of supporting material facts with reference to deposition testimony, however, Wal-Mart here sets forth deposition testimony as purported material facts.  This fails to comply with the requirements of Rule 74.04 and is problematic for two reasons.

First, "[a] material fact in the context of summary judgment is one from which the right to judgment flows."  *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 453 (Mo. banc 2011).  Because Missouri is a "fact pleading" state, material facts are those ultimate facts that constitute the elements of a cause of action or affirmative defense, sometimes referred to as "elements facts."  *See* *ITT Commercial Fin. Corp.*, 854 S.W.2d at 379-81.  Unless the factual existence of certain deposition testimony is, in and of itself, an elements fact, its mere existence cannot be a material fact because it neither constitutes nor negates an element of a claim or affirmative

---

[1] Wal-Mart's argument for summary judgment below and on appeal largely hinges on the exact phrases used by Custer and other witnesses in their depositions.  Arguments that hinge on requiring plaintiffs to use the "magic words" of direct causation have been unfruitful.  *Roberts v. Menorah Med. Ctr.*, 777 S.W.2d 330, 333 (Mo.App. 1989).  Because a "prior inconsistent statement of a witness who is available for cross-examination may be used as substantive evidence in a civil trial[,] *Lindsay v. Mazzio's Corp.*, 136 S.W.3d 915, 922 (Mo.App. 2004), Wal-Mart would be better served using Custer's deposition testimony for impeachment purposes at trial rather than asserting it as fact for purposes of summary judgment.

[2] Rule references are to Missouri Court Rule (2015).

3

defense. Rather, deposition testimony generally provides evidentiary support for whether there is a genuine issue as to the existence of a material fact. *See id.* at 380 (where "the movant's right to judgment as a matter of law depends upon the presence or absence of certain facts, the movant must also establish, by reference to the record when appropriate, that there is no genuine dispute about those material facts. This second showing is merely incidental to the first.").

Second, Rule 74.04 requires the non-movant to respond to the movant's statement of uncontroverted material facts. Rule 74.04(c)(2) states that the adverse party's response "shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements" and support any denials "*with specific references to the discovery, exhibits or affidavits that demonstrate specific facts* showing that there is a genuine issue for trial." (Emphasis added.) Because Wal-Mart mischaracterizes deposition testimony as material facts, Custer cannot respond to a material fact, but rather is reduced to engaging in the meaningless activity of admitting or denying whether Wal-Mart accurately quoted deposition testimony.[3] This useless exercise does not aid the trial court or this court in identifying the material facts or determining the existence of any genuine issue as to those facts.

The two paragraphs in Wal-Mart's statement of uncontroverted facts that are material to its motion for summary judgement are:

> 50. [Custer] has not identified any party or fact witness who has testified they observed anything on [Wal-Mart's] floor where [Custer] fell that caused [Custer] to fall.

> 51. [Custer] has not identified any party or fact witness who has provided a factual explanation for why [Custer] fell because of the condition of [Wal-Mart's] floor.

---

[3] Here, Custer admits all of Wal-Mart's "material facts" except seven. Custer admits that the testimony concerning these seven "facts" exists but denies them as mischaracterizing the testimony, being inconsistent with other testimony, constituting a legal opinion, or being unsupported by citation.

4

Neither of these paragraphs were supported with "specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts[,]" as mandated by Rule 74.04(c)(1). Custer, nevertheless, admitted paragraph 50, but denied paragraph 51. Custer supported her denial of paragraph 51 with "specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial[,]" as required by Rule 74.04(c)(2), in the following manner:

> On or about January 8, 2014, at around 11:07 a.m., [Custer] did slip and fall on [Wal-Mart's] premises. (Exhibit 2, Transcript of the Deposition of Patsy Custer, page 16, lines 1-19). [Custer] was walking up an aisle when her left heel slipped out from under her. ([Custer's] Answers to [Wal-Mart's] First Interrogatories, #29). At the time [Custer] fell, she believed that she slipped on an onion skin or lettuce leaf. (Exhibit 2, Transcript of the Deposition of Patsy Custer, page 19, lines 7-11 and page 27, lines 18-21). With regard to having been able to see something on the floor immediately before falling, like an onion peel or a piece of lettuce, [Custer] testified "I don't think I saw it. I felt it." (Exhibit 2, Transcript of the Deposition of Patsy Custer, page 40, line 8 through page 41 line 3).
>
> [Custer's] husband, Donald Custer, was facing [Custer] at a distance of about 15 feet and did see [Custer's] left foot slip out from under her and [Custer] did fall. (Exhibit 4, Transcript of the Deposition of Donald Custer, page 7, lines 9-23).
>
> At the time [Custer] fell, she was wearing shoes that had good, rubber-soled tread. (Exhibit 4, Transcript of the Deposition of Donald Custer, page 25, line 22 through page 26, line 12); (Exhibit 5, Transcript of the Deposition of Robin Bushong, page 66, lines 6-16 and page 62, lines 9-17). Immediately prior to falling, [Custer] had just come past the produce section, and more specifically, the onion bin. (Exhibit 4, Transcript of the Deposition of Donald Custer, page 17, lines 8-11); (Exhibit 5, Transcript of the Deposition of Robin Bushong, page 13, lines 10-13). As [Custer] exited the produce department and was walking towards [sic] her husband, her husband did witness [Custer's] left foot slip out from under her and she fell backwards. (Exhibit 4, Transcript of the Deposition of Donald Custer, page 8, lines 1-15 and page 15, lines 11-13).
>
> [Custer's] husband, Donald Custer, testified that based on his observation of [Custer's] fall, he believes that she slipped on something. (Exhibit 4, Transcript of the Deposition of Donald Custer, page 26, line 21 through page 27, line 7). [Custer] told her husband that it felt like she slipped on an onion skin or something under her foot. (Exhibit 4, Transcript of the Deposition of Donald Custer, page 27, lines 12-18). [Custer] told her daughter, Robin Bushong, at the scene of the fall that the [sic] felt like she slipped on something wet and mushy, like an onion skin. (Exhibit 5, Transcript of the Deposition of Robin Bushong, page 52, line 13 through page 53, line 8).

[Wal-Mart] employee, Adam Gleason, testified that he has observed onion skins and onion peels, as well as other portions of produce on the floor at Wal-Mart stores he has worked at. (Exhibit 9, transcript of the Deposition of Adam Gleason, page 39, line 18 through page 40, line 3). [Wal-Mart] employee, Michelle Salisbury, testified that she has observed onion pieces or portions on the floor near where the onions are located on multiple occasions at the . . . Wal-Mart location. (Exhibit 7, Transcript of the Deposition of Michelle Salisbury, page 42, line 25 through page 43, line 20).

Custer's response to Wal-Mart's motion for summary judgment set forth, in accordance with Rule 74.04(c)(2), the following additional material facts that remain in dispute:[4]

1. [Wal-Mart's] premises includes a self-service grocery and consumables department.
2. [Wal-Mart's] grocery department includes produce section which stocks different types of onions.
3. On or about January 8, 2014, at around 11:07 a.m., [Custer] did slip and fall on the [Wal-Mart's] premises.
4. [Custer] was walking up an aisle when her left heel slipped out from under her.
5. At the time [Custer] fell, she believed that she slipped on an onion skin or lettuce leaf.
6. . . .
7. [Custer's] husband, Donald Custer, was facing [Custer] at a distance of about 15 feet and did see [Custer's] left foot slip out from under her and [Custer] did fall.
8. At the time [Custer] fell, she was wearing shoes that had good, rubber-soled tread.
9. Immediately prior to falling, [Custer] had just come past the produce section, and more specifically, the onion bin.
10. As [Custer] exited the produce department and was walking towards [sic] her husband, her husband did witness [Custer's] left foot slip out from under her and she fell backwards.
11. . . .
12. [Custer] told her husband that it felt like she slipped on an onion skin or something under her foot.
13. [Custer] told her daughter, Robin Bushong, at the scene of the fall that she felt like she slipped on something wet and mushy, like an onion skin.
14. . . .
15. . . .
16. . . .

---

[4] We have omitted those "facts" set forth by Custer which are subject to the same flaw as Wal-Mart's "facts" in that they recite only the existence of certain deposition testimony.

17. [Custer]'s daughter, Robin Bushong saw two Wal-Mart employees using mops within a few feet of the area that [Custer] fell, within ten minutes of [Custer] being moved from said area.

18. Once she had been moved into the wheelchair, [Custer] saw two Wal-Mart employees with mops, about six feet away from her.

. . .

(Citations to record omitted.)[5]

The trial court's judgment found that there was no genuine dispute of material fact and granted summary judgment because "not one person observed some aspect or remnant of the alleged hazard[,]" and therefore "the facts adduced by [Custer] here do not rise above the stature of guesswork, speculation and surprise." Custer timely appeals.

## Discussion

Custer's sole point relied on contends:

The trial court erred in granting [Wal-Mart's] Motion for Summary Judgment, because there exists a genuine issue of material fact with respect to the issue of causation, in that [Custer] has produced sufficient evidence on record regarding the condition of the floor at the time she fell, including testimony that she felt something "wet and mushy" on her foot that she believed to be an onion peel or lettuce leaf and that she had just walked past the produce aisle containing the onion bin at the time of the fall.

We agree.

---

[5] Wal-Mart's reply to Custer's additional material facts that remain in dispute denies some of the facts, but those denials turn on the specific words or phrases used or not used by potential witnesses in their depositions. For example, Wal-Mart responds to paragraph 12 as follows:

Deny. Contrary to [Custer's] assertion, [Custer's] husband Donald Custer did not use the word "slip" in the citation referenced by [Custer]. Instead, when asked what [Custer] had told him may have caused or contributed to cause her fall, his actual deposition testimony response was, "All I knew is what she told me, was it felt like something like an onion skin or something under her foot. That's just what she told me."

(Citation to record omitted.) In the context of this step in the summary judgment process, a denial that myopically focuses only on the precise words used by a witness in his or her deposition, is not sufficient because it omits any consideration as to whether that testimony supports a reasonable inference as to the existence of the alleged disputed fact. *See* **ITT Commercial Fin. Corp.**, 854 S.W.2d at 376 (non-movant is accorded the benefit of all reasonable inferences from the record).

When the moving party is the defending party, as Wal-Mart is in this case, summary judgment is established where that defending party shows:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. "Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper." *Id.* Once the movant has made "a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law," the burden shifts to the non-movant to show that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible but contradictory accounts of the essential facts." *Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 685 (Mo. banc 2009).

Wal-Mart clearly chose to proceed under the second method for a defending party to establish summary judgment by arguing that Custer had not been able to produce evidence of causation. The issue in this case, therefore, is whether Custer produced substantial evidence to establish a genuine issue as to causation.

We begin our analysis by noting that "[d]irect testimony from the plaintiff or an eyewitness to the fall describing [the cause of a] slip is not indispensable; a submissible case on the issue of causation can be made on circumstantial evidence." *Georgescu v. K Mart Corp.*, 813 S.W.2d 298, 300 (Mo. banc 1991). We are also cognizant that "[a]n injured customer is often at a decided disadvantage in determining what has happened. The fall victim may be dazed, helpless and friendless, unable to interview bystanders or to observe the scene carefully.

8

The store is able to make an immediate investigation, interviewing witnesses and diagramming the scene[,]" and therefore the "[r]elative availability of evidence to the parties is a circumstance to be considered in determining what should be required for making a submissible case." ***Sheil v. T.G. & Y. Stores Co.***, 781 S.W.2d 778, 782 (Mo. banc 1989).

Wal-Mart argues that Custer cannot establish a genuine issue as to causation because Custer's version of the facts, "uncorroborated by any physical evidence, does not constitute competent circumstantial evidence regarding the issue of causation." Instead, Wal-Mart proposes that in order for Custer to defeat the motion for summary judgment a witness must have testified at their deposition that an item similar to an onion skin or lettuce leaf was found on the floor where Custer fell or some substance was found on her shoes. Wal-Mart also critically argues that Custer's "position requires this Court to ignore the fact that many people were at the scene where [Custer] fell looking for anything on the floor that could explain why she fell. As stated in their depositions, no one found anything on the floor in spite of their searches, refuting [Custer's] millisecond mental impression."[6] Wal-Mart's deconstruction of Custer's argument, however, is mistaken. We *are* required to ignore this evidence, not because of some misguided theory of the case presented by Custer, but because of our standard of review. As stated above, we view the record in the light most favorable to Custer and accord her the benefit of all

---

[6] In support of this argument, Wal-Mart relies on the following quotation from ***Jordan v. Robert Half Pers. Agencies of Kansas City, Inc.***: "Proof by circumstantial evidence must establish the desired inference with such certainty as to cause it to be the more reasonable and probable of the conclusions to be drawn and must rise above the stature of guesswork, speculation or surmise." 615 S.W.2d 574, 587 (Mo.App. 1981). ***Jordan*** did not involve a summary judgment and does not apply in the manner Wal-Mart suggests. "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible but contradictory accounts of the essential facts." ***Wallingford v. City of Maplewood***, 287 S.W.3d 682, 685 (Mo. banc 2009). Here, we have two parties arguing different inferences drawn from differing circumstantial evidence. Because we review for a genuine issue of material fact, our inquiry focuses on the existence of the differing circumstantial evidence and differing reasonable inferences drawn from that evidence, not which of those differing inferences is more reasonable. As to the latter, because we "accord the non-movant the benefit of *all* reasonable inferences from the record[,]" ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 376 (emphasis added), that determination is not within our purview and, therefore, is a function left to the finder of fact.

reasonable inferences. ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 376. Although Wal-Mart's evidence that nothing was found on the floor after Custer's fall supports an inference that there was actually nothing on the floor to cause Custer's fall, this is an inference adverse to Custer and must be disregarded under our standard of review.

Wal-Mart relies heavily on ***Smith v. Seven–Eleven, Inc.***, 430 S.W.2d 764 (Mo.App. 1968), which was distinguished by our supreme court in ***Georgescu***:

> Plaintiff in *Smith* contended she tripped on a hole in a rubber mat in a store. She did not know what caused the fall and no one found the hole in the mat until the day after the accident, during which time the store was open to considerable traffic. The *Smith* holding was based on a lack of proof that the claimed defect in the mat existed at the time of the injury. *Id.* at 769-70. In contrast, Georgescus presented substantial evidence that debris was seen in the aisle where [Plaintiff] fell both before and after her fall. No time lapse as in *Smith* was present in this case.

813 S.W.2d at 301. Because there is no time lapse between the time of Custer's fall and the evidence concerning what caused her fall, ***Smith*** is distinguishable here in the same manner as in ***Georgescu***.

***Lindsay v. Mazzio's Corp.***, 136 S.W.3d 915 (Mo.App. 2004), is more factually similar than ***Smith***. In ***Lindsay***, Lindsay filed a personal injury action against Zio's after she slipped and fell on its premises. 136 S.W.3d at 917. Zio's filed a motion for summary judgment on the ground that Lindsay's deposition testimony had failed to provide evidence that there was any substance on the floor that could have caused her fall. *Id.* at 918. Lindsay's response stated, in part, that "Plaintiff was told by two other persons immediately after her fall that the floor was wet at the place she fell." *Id.* at 918-19. Summary judgment was reversed on appeal on the basis that Lindsay's response created a genuine issue of material fact. *Id.* at 921.

Similarly, Custer produced evidence that created a genuine issue as to causation. That evidence includes that she had just passed the produce section that had an onion bin when her

10

husband observed her left foot slip forward and out from under her causing her to fall backward. Custer told her husband and her daughter that it felt like an onion skin or lettuce leaf that was wet and mushy when her foot went out from under her. On other occasions, Wal-Mart employees had seen onion skins on the floor in this area. Both Custer and her daughter saw Wal-Mart employees with mops in that same area soon after her fall. These facts support a reasonable inference that Custer slipped on something on the floor that caused her to fall. Based on this inference, we conclude that Custer met her burden of establishing a genuine issue as to causation, and summary judgment based upon that material fact being uncontroverted was not appropriate.

Custer's point is granted.

## Conclusion

The trial court's summary judgment is reversed, and the case remanded for further proceedings.


GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, P.J., concurs

NANCY STEFFEN RAHMEYER, J., concurs

11